IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | JURY TRIAL DEMAND |
| | ) | |
| BLINDED VETERANS ASSOCIATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Parties Suzanne Matthews and Lazaro Martinez. As is alleged in greater detail herein, Defendant, Blinded Veterans Association ("Defendant Employer" or "BVA") underwent a restructuring, with the intent of terminating its older employees, in late 2012 and 2013. As a result of this restructuring none of BVA's five employees over the age of 70 continued in their employment, and the average age of Defendant Employer's workforce significantly decreased. The restructuring commenced in late 2012 with the hiring of Al Avina, then age 43, as BVA's Executive Director and the promotion of Edward Eckroth, then age 41, as its Director of National Field Service. The Charging Parties on whose behalf the Commission seeks relief, Suzanne Matthews and Lazaro Martinez, were discharged as part of this discriminatory restructuring; at the time their employment ended, they were age 70 and 76, respectively. Matthews, who had 15 years of experience as a BVA employee, was replaced by an individual in her forties with far less relevant experience.  Martinez, who had 34 years of experience with BVA, was replaced by an individual in her thirties.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c), 217.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

3.     More than sixty days prior to the institution of this lawsuit, Charging Parties Suzanne Matthews and Lazaro Martinez filed charges with the Equal Employment Opportunity Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4.     Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5.     At all relevant times, Defendant Employer has continuously been organized and operated as a not-for-profit corporation incorporated in the District of Columbia, and has continuously had at least 20 employees. BVA is headquartered in Washington, D.C.

6.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

7.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

### FACTS COMMON TO BOTH COUNTS

8.      BVA underwent a restructuring in late 2012 and 2013. The motivation behind this restructuring was to get rid of BVA's oldest employees. The restructuring commenced in late 2012 with the hiring of Al Avina, then age 43, as BVA's Executive Director and with the promotion of Edward Eckroth, then age 41, as its Director of National Field Service.

9.      As a result of the restructuring referenced in paragraph 8, none of BVA's five employees over the age of 70, including Suzanne Matthews and Lazaro Martinez, remained employed with BVA.

10.     As a result of the restructuring referenced in paragraph 8, the average age of BVA's workforce significantly decreased.

11.     As is described more fully in paragraph 17(M), on or about June 4, 2013, Mark Cornell, a member of BVA's Board of Directors, stated that BVA was "headed in the right direction by hiring new and perhaps younger field service officers."

COUNT I
(Termination Based on Age – Suzanne Matthews)

12.   The EEOC herein incorporates the allegations contained in all preceding paragraphs.

13.   Beginning on or about October 2012 and culminating in February 2013, Defendant Employer engaged in unlawful employment practices at its Washington, D.C., facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) with regard to Suzanne Matthews. These unlawful employment practices included, but were not limited to, the following:

    A. In or about October 2012, Edward Eckroth became Suzanne Matthews' direct supervisor when BVA promoted him into the position of National Director of Field Service. Also at this time, Matthews' husband, then age 76, had recently retired from his employment at BVA.

    B. When Eckroth become Matthews supervisor, Matthews was 70 years old, had been working for BVA for more than 15 years, and held the position of Administrative Assistant to then National Director of Field Services. Her job duties in this position were to perform clerical duties for the office of the Director as well as for the Field Service Representatives BVA employed throughout the country. When the BVA was called upon to represent blinded veterans before the U.S. Department of Veterans Affairs Board of Veterans Appeals, Matthews performed this function as well.

    C. Starting on or about October 2012, Eckroth subjected Matthews to age-based derogatory comments, including frequently asking her, "when are you going to retire?" and "when are you moving to Florida?" Matthews responded repeatedly to Eckroth's questions and comments that she had no plans to retire.

D. On or about February 25, 2013, Executive Director Al Avina notified Matthews that her position was being eliminated "effective immediately."

E. On or about February 26, 2013, BVA sent a letter to the Department of Veterans Affairs in an attempt to revoke Matthews' credentials entitling her to represent veterans before the U.S. Department of Veterans Affairs Board of Veterans Appeals, which had been a component of her job duties.

F. On or about February 27, 2013, Matthews applied with BVA for the position of Field Service Administrator, a newly named position. Based on information and belief, the Field Service Administrator position was virtually identical to the position Matthews had worked in for the previous 15 years.

G. On or about February 29, 2013, Defendant Employer notified Matthews that it was not hiring for the newly named Field Service Administrator position.

H. In or around March 2013, Defendant Employer again modified the job title of Matthews' previous position, and transferred Judith Bouton into this position. Bouton was in her forties at the time of her transfer, and had been employed by BVA for approximately three years.

14.   The effect of the practices complained of in paragraph(s) 13(A)-(H) above has been to deprive Suzanne Matthews of equal employment opportunities and to otherwise adversely affect her status as an employee, because of her age.

15.   The unlawful employment practices complained of in paragraph(s) 13(A)-(H) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## COUNT II
### (Termination Based on Age – Lazaro Martinez)

16.   The EEOC herein incorporates the allegations contained in all preceding paragraphs.

17.   Beginning in or about August 2012 and culminating in May 2013, Defendant Employer engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) with regards to Lazaro Martinez. These unlawful employment practices included, but were not limited to, the following:

A. In or about October 2012, Edward Eckroth became Lazaro Martinez's direct supervisor when BVA promoted Eckroth into the position of National Director of Field Service.

B. When Eckroth become Martinez's supervisor, Martinez was 76 years old, had been working for BVA for 34 years, and held the position of Assistant National Field Service Director. His job duties in this position included assisting blind veterans in finding employment and obtaining benefits through the Veterans Administration.

C. Starting in or about August 2012, Defendant Employer subjected Charging Party Martinez to age-based derogatory comments, including questions by a member of Defendant Employer's Board of Directors such as "when are you going to retire?" Martinez responded that he was not considering retirement because he "had a lot of cases to handle" and felt that he still had "some good years left."

D. On or about October 1, 2012, Martinez was notified that Defendant Employer had decided not to provide him with a salary increase in 2013. Such salary increases had been granted to Martinez by BVA in previous years as a matter of course.

E. On October 5, 2012, BVA's Executive Director Al Avina, along with members of BVA's Board of Directors, "reclassified" certain jobs, including Martinez's position of Assistant National Field Service Director, which was located in BVA's Mather, California, office.

F. On November 16, 2014, BVA notified Martinez that his position had been eliminated and that if he wished to continue employment with BVA he had six months to meet the requirements of a newly classified position, National Field Service Officer, so that he could

then compete for this position, which paid $18,000 less per year than Martinez had been earning as Assistant National Field Service Director.

G.  Martinez applied for the National Field Service Officer position.

H.  In order to compete for the National Field Service Officer position, BVA required Martinez to undergo a "reclassification" process. This process required Martinez to undergo technology training, demonstrate that he possessed a Master's Degree, re-certify that he had been honorably discharged from the Armed Forces, and re-certify that he continued to be legally blind.

I. Martinez submitted an application for the National Field Service Officer position. Because Martinez had worked for BVA for over 30 years, BVA was on notice that he was legally blind and that his discharge from the Armed Forces was honorable. BVA also knew or had reason to know that Martinez had never obtained a Master's Degree. Martinez communicated to BVA his willingness to participate in technology training.

J.  On or around April 1, 2013, Martinez began a temporary medical leave of absence.

K.  On or around May 7, 2013, while Martinez was still on medical leave, and before the six month recertification period had expired, Martinez's supervisor, Edward Eckroth, came to Martinez's BVA office in Mather, California and notified Martinez's assistant, Tracy Stant, that BVA was closing the office, effective immediately.

L.  Soon after BVA closed the Mather, California, office, it opened an office in San Diego to serve blind veterans in the geographical region previously served by Martinez. The individual selected to perform the job duties Martinez had been performing was Claudia Perry, who was 35-years-old at the time.

M. On June 4, 2013, California BVA member Howard Cook complained to Mark Cornell, a member of BVA's Board of Directors of, among other things, the abrupt and unjust termination of Martinez. Cornell responded by acknowledging that the Board of Directors played a role in determining which positions should be reclassified and by asserting that BVA was "headed in the right direction by hiring new and perhaps younger field service officers."

18. The effect of the practices complained of in paragraph(s) 17(A)-(M) above has been to deprive Lazaro Martinez of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his age.

19. The unlawful employment practices complained of in paragraph(s) 17(A)-(M) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unequal treatment of its employees based on age.

B.    Grant a permanent injunction enjoining Defendant employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful termination against employees on the basis of age.

C.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for older individuals, and which eradicate the effects of its past and present unlawful employment practices.

D.      Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, to Charging Parties Suzanne Matthews and Lazaro Martinez.

E.      Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement or front pay of Charging Parties Suzanne Matthews and Lazaro Martinez.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel


JAMES L. LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel


DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria Luisa Morocco_____
MARIA LUISA MOROCCO
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20002
(202) 419-0724
maria.morocco@eeoc.gov

/s/  Philip M. Kovnat
PHILIP M. KOVNAT
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
801 Market Street, Penthouse Suite 1300
Philadelphia, Pennsylvania  19107
(215) 440-2814
philip.kovnat@eeoc.gov